NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA CONCEPCION RIVERA-LEIVA; et al., | No. 19-73077 |
| Petitioners, | Agency Nos. A208-784-258 A208-784-259 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022**

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Maria Concepcion Rivera-Leiva and her minor daughter, natives and

citizens of El Salvador, petition pro se for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's

decision denying their application for asylum, and denying Rivera-Leiva's

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We deny the petition for review.

The agency did not err in concluding that petitioners did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ochoa v. Gonzales*, 406 F.3d 1166, 1170-71 (9th Cir. 2005) (a group of Colombian "business owners" did not share an "innate characteristic"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Thus, petitioners' asylum claim and Rivera Leiva's withholding of removal claim fail.

2                                                                    19-73077

In light of this disposition, we do not reach petitioners' remaining contentions regarding the timeliness or merits of their asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT relief because Rivera-Leiva failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

19-73077